**MARC D. BLACKMAN, OSB No. 73033**
E-mail: marc@ransomblackman.com
**CRAIG J. GABRIEL, OSB No. 01257**
E-mail: craig@ransomblackman.com
RANSOM BLACKMAN LLP
1400 Congress Center
1001 S.W. Fifth Avenue
Portland, Oregon 97204-1144
Telephone:  [503] 228-0487
Facsimile:   [503] 227-5984

Of Attorneys for Plaintiff Bobbie [Bobby] Ephrem

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **BOBBIE (BOBBY) EPHREM,** | NO. CV'06 1472 JE |
| Plaintiff, | |
| v. | **COMPLAINT FOR REVIEW OF JEOPARDY ASSESSMENT** |
| **UNITED STATES OF AMERICA,** | [Judicial decision required within 20 days of this filing pursuant to 26 U.S.C. §7429(b)(3)] |
| Defendant. | |

Plaintiff brings this action and alleges:

PRELIMINARY STATEMENT

1.   This is an action arising under the Internal Revenue Code of the United States and the statutes prescribing a taxpayer's right to seek the abatement of a jeopardy assessment. By this action, Plaintiff seeks to abate the jeopardy assessment issued by the Internal Revenue Service on August 23, 2006 for the tax years 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2004, and 2005.

Page 1 -   COMPLAINT FOR REVIEW OF JEOPARDY ASSESSMENT

## PARTIES

2.    Plaintiff is a citizen of the United States and a resident of Portland, Multnomah County, Oregon.

3.    Defendant is the United States of America.

## JURISDICTION

4.    Jurisdiction is conferred on this Court by 28 U.S.C. §1346(e) and 26 U.S.C. §7429(b).

## GENERAL ALLEGATIONS

5.    On August 23, 2006, the Internal Revenue Service [IRS] issued a jeopardy assessment against Plaintiff "for the taxable years 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2004, and 2005." A copy of the jeopardy assessment is attached as Exhibit 1 and hereby incorporated by this reference.

6.    This jeopardy assessment asserted that "based on information available at this time," [Exhibit 1, page 9], the following "tax and additional amounts" had been determined to be due:

| Taxable Period | Tax [in dollars] | Penalty [in dollars] | Interest [in dollars] |
|---|---|---|---|
| 1996 | 125,048 | 128,578 | 225,093 |
| 1997 | 156,612 | 161,076 | 231,253 |
| 1998 | 142,476 | 145,434 | 173,695 |
| 1999 | 295,339 | 302,249 | 287,040 |
| 2000 | 290,126 | 298,370 | 208,854 |
| 2001 | 159,479 | 161,865 | 86,070 |

Page 2 -    COMPLAINT FOR REVIEW OF JEOPARDY ASSESSMENT

| Taxable Period | Tax [in dollars] | Penalty [in dollars] | Interest [in dollars] |
|---|---|---|---|
| 2002 | 538,674 | 518,968 | 210,605 |
| 2003 | 517,236 | 463,531 | 144,657 |
| 2004 | 517,278 | 434,010 | 89,793 |
| 2005 | 601,513 | 475,262 | 27,932 |
| **Total** | 3,343,781 | 3,089,342 | 1,684,992 |

7.     On August 23, 2006, Gerald W. Reese, Director, Western Area Examination, SB/SE, issued a Notice to Plaintiff under 26 U.S.C. §6861 of the information upon which the IRS had relied in making the August 23, 2006 jeopardy assessment against Mr. Ephrem. *See* Exhibit 1. This Notice revealed that it was based in substantial part on searches conducted by the Criminal Investigation Division of the IRS [IRS CID] on the August 15 and 16, 2006, which resulted in the seizure of substantial amounts of currency. The Notice further revealed that the IRS, without justification, considered this currency to represent income earned by Mr. Ephrem between 1996 and 2005.

8.     On September 8, 2006, Mr. Ephrem, through counsel, filed a written protest pursuant to 26 U.S.C. § 7429(a)(2) requesting that the IRS review the August 23, 2006 jeopardy assessment. A copy of Mr. Ephrem's September 8, 2006 letter is attached as Exhibit 2 and hereby incorporated by this reference.

9.     Mr. Ephrem has not received notice of a determination by the IRS after he requested administrative review of the jeopardy assessment.

10.    The Notice of jeopardy assessment failed to comply with 26 U.S.C. §7429(a)(1)(B) and is unreasonable under the circumstances because:

Page 3 -     COMPLAINT FOR REVIEW OF JEOPARDY ASSESSMENT

A. The jeopardy assessment was made without due diligence or adequate investigation by the IRS. In particular, the IRS made no effort to determine the age of currency it seized on August 15 and August 16, 2006 or whether Mr. Ephrem [or others] accessed the locations where this currency was found after 1995;

B. The jeopardy assessment alleged matters that demonstrate that Mr. Ephrem was not dissipating assets, but hoarding them;

C. The asserted amount of the tax it asserted to be due was substantially overstated;

D. The amount of income attributed to Mr. Ephrem was grossly exaggerated;

E. The amount of income attributed to Mr. Ephrem was erroneously computed on the assumption and belief that the currency seized on August 15 and August 16, 2006 represented earned income, whereas, had the IRS exercised due diligence, it would have learned that in truth and in fact it reflects the role Mr. Ephrem plays in the lives of his friends and family. Specifically, the IRS would have learned that in excess of $1.5 million of the currency seized by IRS CID did not represent earned income, but accommodation transactions, loans, gifts, non-taxable insurance proceeds received by family members, cash left to him and his siblings by their father [who died in 1992] and mother [who died in 1995], and cash belonging to third parties and family members,

Page 4 -   COMPLAINT FOR REVIEW OF JEOPARDY ASSESSMENT

        all of which had been entrusted to his care and safe-keeping in his capacity as the "patriarch" of his family and a trusted member of his community;

F.    Income attributed to business operations overstates sales, understates expenses, and failed accurately to account for available deductions, applicable exemptions, entitled credits, and other items granted favorable treatment under the Internal Revenue Code; and

G.    The jeopardy assessment was premised, in part, on income tax forms attributed to Mr. Ephrem in absence of any evidence that he was responsible for their preparation, was aware of their contents, or had any intent to file or otherwise use them. Indeed, the Service acknowledges that these forms were in fact never filed or otherwise used.

H.    Contrary to its own rules and regulations, upon receipt of Plaintiff's Request for Administrative Review [Exhibit 2], the Appeals Office of the Internal Revenue Service did not independently review and attempt to resolve the issues presented by Plaintiff's Request for Administrative Review. On the contrary, the designated appeals officer informed counsel for Plaintiff on October 16, 2006 that he had not and would not independently examine the evidence or take any action to assess the validity of the jeopardy assessment because the searches conducted on the

//

Page 5 -    COMPLAINT FOR REVIEW OF JEOPARDY ASSESSMENT

August 15 and 16, 2006 resulted in the seizure of substantial amounts of currency.

11.     The collection of any deficiency on which the jeopardy assessment against Mr. Ephrem for his 1996 through 2005 tax years is based will not be endangered if regular deficiency, assessment, and collection procedures are followed by the IRS.

12.     The August 23, 2006 jeopardy assessment was not "reasonable under the circumstances."

13.     The amount of the August 23, 2006 jeopardy assessment was not "appropriate under the circumstances."

WHEREFORE, plaintiff respectfully requests that this Court abate the August 23, 2006 jeopardy assessment against plaintiff, release and discharge plaintiff and plaintiff's property from any and all liens placed against that property pursuant to the jeopardy assessment, immediately return to plaintiff or third parties all monies and other properties belonging to plaintiff or third parties that were seized on August 15 and August 16, 2006, grant plaintiff his reasonable litigation costs incurred in bringing this action, and grant such further relief as this Court may find appropriate.

DATED this 17th day of October, 2006.

RANSOM BLACKMAN LLP

_____
MARC D. BLACKMAN, OSB No. 73033
CRAIG J. GABRIEL, OSB No. 01257
Of Attorneys Plaintiff Bobbie Ephrem

Page 6 -     COMPLAINT FOR REVIEW OF JEOPARDY ASSESSMENT